**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:11-cv-01200-DME-KLM

OLIVER A. ROJAS,
DAISY ROJAS, a minor by her father and next friend Guadalupe Rojas-Ramirez, and
NATALIE ROJAS, a minor by her father and next friend Guadalupe Rojas-Ramirez,

      Plaintiffs,

v.

KENNETH A. ANDERSON,
NICHOLAS WILSON, and
PAUL SKATTUM, in their individual and official capacities,

      Defendants.

---

**ORDER DISMISSING DEFENDANT PAUL SKATTUM, DISMISSING ALL CLAIMS
ASSERTED BY PLAINTIFFS DAISY ROJAS AND NATALIE ROJAS, AND
GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment [Doc. 25].  The Court has reviewed the Motion; Plaintiff's Response to Defendants' Motion for Summary Judgment [Doc. 36], which contains an implied motion to dismiss Defendant Paul Skattum from this action; Defendants' Reply in Support of Motion for Summary Judgment [Doc. 37]; the affidavits and exhibits, the case file, and the applicable law, and is sufficiently advised in the premises.  Also before the Court is the parties' Stipulation of Dismissal with Prejudice of All Claims Asserted by Daisy Rojas and Natalie Rojas [Doc. 24].  The Court DISMISSES with prejudice all claims asserted by Daisy Rojas and Natalie Rojas.  For the reasons that follow, the Court GRANTS Plaintiff's implied motion to dismiss Defendant Paul Skattum from this action, and GRANTS the remaining Defendants' Motion for Summary Judgment.

## I.      Background

This case arises out of the arrest of Plaintiff Oliver Rojas ("Rojas" or "Plaintiff") on May 10, 2009.  The undisputed facts are as follows:  Early that morning, Defendant Officer Kenneth Anderson ("Anderson") observed Rojas and another man, later identified as Anthony Ochoa, on the front porch of a residence in Northglenn, Colorado, jiggling the doorknob and peering through the mail slot.  A third man, later identified as Elvis Ochoa, approached the house but did not go up on the porch.  Anderson approached the men and was told, by the Ochoas, that Rojas lived at the house.  Anderson observed that Rojas appeared extremely intoxicated.  Anderson asked Rojas to confirm whether he lived there, but Rojas refused to do so.  Throughout this encounter, Rojas and Anthony Ochoa spoke to each other in Spanish.  Anderson does not speak or understand Spanish.  Anderson asked Rojas for identification, but Rojas would not provide it. Anderson then told Rojas that he was taking him to a detoxification facility, and he took Rojas by the arm.  Rojas and Anthony began pounding on the front door.  Rojas's mother answered the door and spoke to Rojas and Anthony Ochoa in Spanish.  Anderson continued to try to pull Rojas away from the door and down the porch stairs, and told Rojas not to enter the residence.

Rojas refused to obey Anderson's orders and "lunged back and forth in an effort to free his arm."  Apparently successful in freeing his arm, Rojas then ran into the residence, pursued by Anderson, who ordered him to stop.  Rojas ran down a flight of stairs, again pursued by Anderson, who tackled him to the ground on the lower level of the house.  Rojas forcefully struggled, broke free, and returned to the main level of the house, where Anderson tackled him again.  Rojas continued to struggle and ignore orders to stop, and he kicked Anderson in the leg.

2

A second officer, Defendant Officer Paul Skattum ("Skattum"), had arrived on the scene, and he entered the house to assist Anderson.  Skattum observed the struggle between Anderson and Rojas, and the presence of five other persons in the house on or near the stairs, whom Skattum ordered to stay back.  Two more officers arrived at the scene, Defendant Officer Nicholas Wilson ("Wilson") and Officer Matt Hindman.  Wilson recalls people at the top of the stairs yelling at the officers, telling them to leave Rojas alone.  Wilson and Skattum helped Anderson subdue Rojas, by striking Rojas repeatedly in the leg and arm until Rojas could be handcuffed.  As Rojas was led out of the residence, a girl approached Rojas and hugged him around the neck.  When officers moved the girl aside, Rojas kicked at them with both legs, kicking Skattum in the stomach.  Rojas continued to struggle as he was carried out of the house. When he was taken out of the house, Rojas had no observable injuries, nor was he bleeding anywhere.

Officers placed Rojas in a patrol car, where he continued to struggle and kick forcefully against the window.  Wilson and Anderson pulled Rojas out of the car by his legs and placed him in a hobble restraint to stop him kicking.  At this point the officers saw that Rojas was bleeding from the chin.  The cut was not caused by any officer hitting or striking Rojas in the face. Officers removed the hobble restraint, and Rojas's mother came out of the house and sat with Rojas until an ambulance arrived.

Rojas filed this action in May 2011, pursuant to 42 U.S.C. § 1983.  [Doc. 2.]  Of the claims asserted in Rojas's First Amended Complaint, only two remain at issue, and only against Defendants Anderson and Wilson: (1) Rojas's unlawful seizure claim related to Anderson's

3

warrantless entry into Rojas's home and (2) Rojas's excessive force claim against Anderson and Wilson for their use of force in connection with pulling Rojas out of the patrol car.[1]

## II.    Analysis

### A.    Standard of Review

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine dispute" is one that could be resolved in favor of either party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). And a "material fact" is one that might reasonably affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A movant who will not bear the burden of proof at trial must show that there is an absence of a genuine fact issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Once this showing is made, the non-movant may not rely solely on the allegations in the pleadings, but instead must, whether by "affidavits, or by depositions, answers to interrogatories, [or] admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotation marks omitted).

---

[1] In the complaint Rojas asserted three claims under 42 U.S.C. § 1983: two against the officers and one against the city of Northglenn, Colorado. The parties have stipulated to the dismissal with prejudice against the City of Northglenn. Doc. 34. The Court dismissed the City of Northglenn from this action on May 10, 2012. Doc. 35.

In the complaint, Rojas's sisters, Daisy Rojas and Natalie Rojas, each asserted two state-law tort claims against the police officers. The parties have also stipulated to the dismissal with prejudice of all claims by Daisy Rojas and Natalie Rojas. Doc. 24. The Court will order the dismissal of those claims as well.

Finally, Plaintiff's response to Defendants' Motion for Summary Judgment purports to "dismiss Officer Skattum from this case." Doc. 36 at 17. The Court construes this part of Plaintiff's Response as a motion to dismiss Defendant Skattum from this action; that motion is GRANTED.

In support of their motion for summary judgment, Defendants assert the defense of qualified immunity, which will shield them from civil damages liability unless their alleged conduct violated a clearly established constitutional or statutory right.  See Pearson v. Callahan, 555 U.S. 223, 231 (2009).  It is the Plaintiff's burden to overcome the qualified immunity defense by proving first that a constitutional violation occurred, and second that the constitutional right violated was clearly established.  See Fisher v. City of Las Cruces, 584 F.3d 888, 893 (10th Cir. 2009).

**B.     Discussion**

Section 1983 of Title 42, United States Code, provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

To prevail on a claim under § 1983, a plaintiff must prove that (1) a person (2) acting under color of state law (3) violated the plaintiff's federal constitutional or statutory rights.  Only two of Plaintiff's original § 1983 claims remain live, and only against Defendants Anderson and Wilson.[2]  In response to Defendants' Motion for Summary Judgment, Rojas asserts that two triable issues of fact exist: first, whether Rojas attempted to hit Anderson, thus giving rise to probable cause for an attempted assault arrest; and second, whether Anderson and Wilson used excessive force when they pulled him, handcuffed, from the back of the police car and his chin struck the pavement.

---

[2] Plaintiff's response to Defendants' Motion for Summary Judgment purports to "dismiss Officer Skattum from this case."  Doc. 36 at 17.  The Court construes this part of Plaintiff's Response as a motion to dismiss Defendant Skattum from this action; that motion is GRANTED.

1.      **Unlawful seizure by Defendant Anderson**

Rojas's first claim for relief, as clarified in his Response to the motion for summary judgment, is premised on the assertion that Anderson's warrantless entry into Rojas's home was unsupported by probable cause. Because the Court concludes, based on the undisputed facts, that Anderson had probable cause to suspect Rojas of attempting to assault him, and that Anderson's pursuit of Rojas into Rojas's home therefore did not violate the Fourth Amendment, the Court GRANTS Defendants' Motion for Summary Judgment on Rojas's unlawful entry claim, on the grounds of qualified immunity.

Under the Fourth Amendment, the warrantless entry by police into a person's home is presumptively unreasonable. See United States v. Martin, 613 F.3d 1295, 1299 (10th Cir. 2010) (citing Payton v. New York, 445 U.S. 573, 586 (1980)). But where officers have probable cause to arrest a suspect and exigent circumstances exist, warrantless entry may be justified. See id. Whether probable cause exists depends on whether, "under the totality of the circumstances, a reasonable person would believe that an offense has been committed by the person arrested." Id. (internal quotation marks, alteration omitted). Among the exigent circumstances that may justify warrantless entry are concerns regarding a suspect's flight, see Bledsoe v. Garcia, 742 F.2d 1237, 1241 (10th Cir. 1984), and concerns for the safety of officers or others, see Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 298-99 (1967).

Rojas asserts (1) that he did not attempt to assault Anderson; (2) therefore there was no probable cause to arrest him for that offense; (3) therefore the "hot pursuit" exception to the warrant requirement does not apply; and(4)  therefore Anderson's warrantless entry into Rojas's home violated the Fourth Amendment. Defendants, for their part, argue that it is undisputed that

6

once Anderson took hold of Rojas's arm, Rojas "lunged back and forth" in an attempt to free his

arm, and that Anderson perceived Rojas's actions to be an attempt to hit him.  Moreover,

Defendants argue, Anderson had reason to believe that Rojas posed a safety threat to the

occupants of the house and/or to himself.

The undisputed facts, viewed in the light most favorable to Rojas, support a finding of

probable cause to arrest Rojas for attempting to assault Anderson.[3]  Rojas was belligerent from

the outset of his encounter with Anderson; Rojas appeared extremely intoxicated; Rojas had

refused to comply with Anderson's orders to produce identification, to step off of the porch, and

to not enter the house; Anderson had hold of Rojas by the right arm; Rojas "lunged back and

forth in an effort to free his arm"; and Rojas, once free, rushed into the house.  In light of this, a

reasonable officer in Anderson's shoes at the time of the incident could believe that Rojas

intended to strike Anderson and to prevent Anderson from performing his lawful duties, thereby

committing the offense of attempted assault under Colorado law.  That Rojas had no subjective

intent to hit Anderson is immaterial:  "the probable cause inquiry is an objective one."  Morris v.

Noe, 672 F.3d 1185, 1192 (10th Cir. 2012).  Anderson had probable cause to arrest Rojas for

attempted assault, and, in light of Rojas's belligerent demeanor, resistance to authority, and the

violent nature of the crime he was suspected of committing, Anderson had reason to believe that

Rojas might flee or that he might pose a danger to himself or others in the house.  Anderson's

---

[3] See Colorado Revised Statutes §§ 18-2-101(1) ("A person commits criminal attempt if, acting
with the kind of culpability otherwise required for commission of an offense, he engages in
conduct constituting a substantial step toward the commission of the offense."), § 18-3-203
(defining second degree assault as, inter alia, intentionally causing bodily injury by means of a
deadly weapon, or intentionally causing bodily injury with intent to prevent a peace officer from
performing a lawful duty); see also People v. Ross, 831 P.2d 1310, 1312 (Colo. 1992) (holding
that "a fist" can be a deadly weapon), abrogated on other grounds by Montez v. People, 269 P.3d
1228 (Colo. 2012)).  Such assault is a class four felony.  See Colo. Rev. Stat. § 18-3-203(2)(b).

pursuit of Rojas into the home to effect arrest was therefore justified by exigent circumstances. Compare Bledsoe, 742 F.2d at 1241 ("We are convinced that the resistance and the possibility of flight justified the immediate actions taken to apprehend [the suspect.]"), with Mascorro v. Billings, 656 F.3d 1198, 1207 (10th Cir. 2011) (no exigent circumstances justified warrantless entry where minor suspected of misdemeanor traffic offense posed no flight or safety concerns).

Moreover, this case presents a situation in which the alleged victim of the crime and the arresting officer were one and the same.  Colorado statute authorizes warrantless arrests in such circumstances, see Colo. Rev. Stat. § 16-3-102 ("A peace officer may arrest a person when . . . any crime has been or is being committed by such person in his presence."), and such statutory authorization does not offend the Fourth Amendment.  It is well settled that a peace officer has authority to make a warrantless arrest for a crime committed in his presence.  See United States v. Watson, 423 U.S. 411, 418 (1976) ("The cases construing the Fourth Amendment thus reflect the ancient common-law rule that a peace officer was permitted to arrest without a warrant for a misdemeanor or felony committed in his presence . . . .").

Because, based on the undisputed facts, no constitutional violation occurred when Anderson entered Rojas's home, Rojas has failed to overcome the Defendants' qualified immunity defense.

## 2.     Excessive force by Defendants Anderson and Wilson

The gravamen of Rojas's Fourth Amendment excessive force claim is that Defendants Anderson and Wilson used excessive force when they pulled him from the patrol car and Rojas's chin hit the pavement.  Because, based on the undisputed facts, Rojas has not established that a

8

constitutional violation occurred, the Court GRANTS Defendants' Motion for Summary

Judgment on Rojas's excessive force claim, on the grounds of qualified immunity.

The Fourth Amendment's protection against unreasonable seizures continues to govern

police treatment of an arrestee who is detained without a warrant, at least until some form of

probable cause hearing takes place.  See Austin v. Hamilton, 945 F.3d 1155, 1160 (10th Cir.

1991), abrogated on other grounds by Johnson v. Jones, 515 U.S. 304, 313 (1995); see also

Aldini v. Johnson, 609 F.3d 858, 867 (6th Cir. 2010); Pierce v. Multnomah Cnty., 76 F.3d 1032,

1043 (9th Cir. 1996); Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989).  Whether police

use of force against such an arrestee is "excessive" in violation of the Fourth Amendment is

measured by an "objective reasonableness" standard.  See Graham v. Connor, 490 U.S. 386, 388

(1989).  Reasonableness is assessed from the perspective of a reasonable officer on the scene,

and requires examination of the totality of the circumstances.  See Blossom v. Yarborough, 429

F.3d 963, 967 (10th Cir. 2005).  Among the factors relevant to the reasonableness analysis are

"[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the

safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to

evade arrest by flight."  Graham, 490 U.S. at 396.

As an initial matter, it is important to clarify that the only use of "force" at issue is the

Defendants' grabbing Rojas by the legs and pulling him from the car, and that the "seizure"

being effectuated was the placing of a hobble restraint on Rojas.  The only volitional act on the

part of the officers was to pull Rojas from the car so that they could hobble him and stop him

9

from kicking.  It is undisputed that the cut and fracture Rojas suffered were caused by his chin hitting the ground, and not by any officer's intentional application of force to Rojas's chin.[4]

The first <u>Graham</u> factor, the severity of the crime at issue, weighs in Defendants' favor. Rojas was suspected of having attempted to assault Anderson, a felony.  As to the second factor, whether officers had reason to fear for their safety or that of others, Rojas had been uncooperative throughout the encounter with police and that he was "forcefully kicking the car door window."   In light of this, a jury could find that the officers reasonably believed that Rojas would injure himself if permitted to continue kicking, even if he posed no threat to the officers, weighing in favor of Defendants.  As to the third factor, whether Rojas was actively resisting arrest, the evidence viewed in the light most favorable to Rojas shows that while he certainly resisted his initial arrest, Rojas was not resisting being removed from the car.  Wilson asserts that Rojas was still kicking when he opened the car door to remove him, preventing Wilson from pulling Rojas out by the arms, but Rojas denies it.  This factor weighs slightly in Rojas's favor.

---

[4] It is arguable whether the contact between Rojas's chin and the pavement even implicates the Fourth Amendment.  A seizure for Fourth Amendment purposes occurs "only where there is a governmental termination of freedom of movement <u>through means intentionally applied</u>." <u>Brower v. Cnty. of Inyo</u>, 489 U.S. 593, 597 (1989); <u>see</u> <u>Bleck v. City of Alamosa</u>, --- F. Supp. 2d ---, 2012 WL 880635, at *4 (D. Colo. 2012) ("[T]he Constitution is concerned only with intentional conduct.").  The "accidental effects of otherwise lawful government conduct" do not implicate the Fourth Amendment.  <u>Brower</u>, 489 U.S. at 597.  It is undisputed that no officer intentionally struck Rojas in the face, and Rojas does not allege that the Defendants intentionally slammed his head into the pavement.  Thus, to the extent that Rojas's injuries were simply unfortunate "accidental effects" of the Defendants' "otherwise lawful" decision to pull Rojas from the car and place him in a hobble restraint, the Fourth Amendment offers Rojas no protection.  Of course, Rojas had already been handcuffed and "seized" for purposes of the Fourth Amendment by the time the complained-of force was applied.  The analysis that follows assumes, without deciding, that a second or continuing seizure occurred, but concludes that such seizure was not objectively unreasonable.

Although in this case the non-exclusive <u>Graham</u> factors, alone, do not resolve the excessive force question, the Court nevertheless concludes that the under the totality of the circumstances, Defendants' decision to remove Rojas from the car to hobble him, and to do so by pulling him out by the legs when they could not reach his arms, was not objectively unreasonable.  The facts, viewed in the light most favorable to Rojas, show that Defendants were faced with an uncooperative arrestee who was kicking forcefully at the door of the patrol car and who had already succeeded in kicking Skattum, despite being handcuffed.  And the use of a hobble restraint is not per se unreasonable.  <u>See</u> <u>Weigel v. Broad</u>, 544 F.3d 1143, 1170 (10th Cir. 2008).  Under these circumstances Defendants' conduct was not objectively unreasonable.

That Defendants pulled Rojas out of the car in such a manner as to permit his chin to strike the pavement may have been careless, but it does not by itself establish that the Defendants violated Rojas's Fourth Amendment rights.  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693, 699-700 (1976) (rejecting premise that any tort by a state official amounts to a § 1983 violation); <u>Silverman v. United States</u>, 365 U.S. 505, 511 (1961) ("Inherent Fourth Amendment rights are not inevitably measurable in terms of ancient niceties of tort . . . law.").  And the police are not required to use the "'least intrusive means in the course of a detention, only reasonable ones.'"  <u>Fisher</u>, 584 F.3d at 894 (quoting <u>Marquez v. City of Albuquerque</u>, 399 F.3d 1216, 1222 (10th Cir. 2005)); <u>see</u> <u>id.</u> ("'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.'") (quoting <u>Graham</u>, 490 U.S. at 396).

### III.    Conclusion

Plaintiff Rojas has failed to demonstrate that either (1) Defendant Anderson's warrantless entry into Rojas's home to effect arrest or (2) Defendant Anderson's and Defendant Wilson's

post-arrest conduct in pulling him from the police car to hobble him violated his Fourth

Amendment rights.  Accordingly, Defendants Anderson and Wilson are entitled to summary

judgment on the grounds of qualified immunity.


IT IS HEREBY ORDERED that

1.      All claims asserted by Plaintiffs Daisy Rojas and Natalie Rojas are DISMISSED

        with prejudice.

2.      Plaintiff Oliver Rojas's implied motion to dismiss Defendant Skattum from this

        action is GRANTED.

3.      The motion of remaining Defendants Anderson and Wilson for summary

        judgment on Plaintiff Oliver Rojas's unlawful seizure and excessive force claims

        is GRANTED.

4.      This action is DISMISSED with prejudice, each party to bear his own fees and

        costs.

Dated this   13th   day of June, 2012.


BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE

12