**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01200-DME-KLM

OLIVER A. ROJAS,

      Plaintiff,

v.

KENNETH A. ANDERSON,
NICHOLAS WILSON, and
PAUL SKATTUM, in their individual and official capacities, and the
CITY OF NORTHGLENN, a municipality,

      Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO AMEND/ALTER JUDGMENT**

---

This matter comes before the Court on Defendants' Motion to Amend/Alter Judgment pursuant to Fed. R. Civ. P. 59(e). [Doc. 40.] The motion is well taken but it is silent as to the Defendants' conferral, or reasonable, good-faith efforts at conferral, with opposing counsel. Under D.C.Colo.LCivR. 7.1(A),

> [t]he court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . ., before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel . . . to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

Accordingly, it is hereby ORDERED that Defendants' Motion to Amend/Alter Judgment is DENIED without prejudice. If Defendants wish to re-file their motion in compliance with D.C.Colo.LCivR. 7.1(A)'s conference requirement, they must do so on or before July 26, 2012. Plaintiff will then have 21 days to respond. See D.C.Colo.LCivR. 7.1(C).

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption that the district court will award the prevailing party costs." Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004). If Defendants timely re-file a motion that complies with the conference requirement, and if Plaintiff opposes the motion, Plaintiff, in his response, will have the burden of overcoming this presumption. See id. To deny costs to the prevailing party "is in the nature of a severe penalty and there must be some apparent reason to penalize the prevailing party if costs are to be denied." Id. (quoting Klein v. Grynberg, 44 F.3d 1497, 1507 (10th Cir. 1995)).

IT IS SO ORDERED.

Dated this \_\_\_12th\_\_\_ day of _____July\_\_\_, 2012.

                                          BY THE COURT:

                                          *s/ David M. Ebel*

                                          U. S. CIRCUIT COURT JUDGE